# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:17cr2-RH

ERICK MARTINEZ VALLE,

     Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AS UNTIMELY

Erick Martinez Valle pled guilty to two counts: a marijuana conspiracy and possessing marijuana with intent to distribute it. He was sentenced to 60 months in the Bureau of Prisons. Judgment was entered on March 6, 2018. The deadline to appeal was March 20, 2018. Mr. Valle did not appeal.

Mr. Valle signed on July 30, 2019—and presumably delivered to correctional authorities for mailing on that date—a motion for relief under 28 U.S.C. § 2255. The motion asserts three claims.

The first claim is that Mr. Valle's retained attorney rendered ineffective assistance by failing to file a notice of appeal. The second claim is that the indictment failed to state an offense. As part of the second claim, Mr. Valle asserts

there is no evidence he conspired with anyone. The third claim is ineffective assistance of counsel in connection with the guilty plea and sentencing.

The critical first question is whether Mr. Valle filed his motion within the § 2255 limitation period. The section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Valle knew or with due diligence could have discovered the basis for the second claim when he learned of the indictment. He knew or with due diligence could have discovered the basis for the third claim when he entered a guilty plea and was sentenced. Under § 2255(f)(1), the one-year limitation period for the second and third claims ran from March 20, 2018, the deadline for the appeal he

did not take. The § 2255 motion was filed 16 months, 10 days later—or 4 months, 10 days too late. The claims are time barred.

The question is closer for Mr. Valle's first claim—the claim that his attorney did not file a notice of appeal as instructed. Under § 2255(f)(4), the one-year limitation period for this claim ran from the date when Mr. Valle knew or could have learned with due diligence that his attorney did not file an appeal as instructed. If, even with due diligence, Mr. Valle could not have learned before July 30, 2018 that an appeal had not been filed, this § 2255 motion is timely. If, with due diligence, Mr. Valle could have learned on or before July 29, 2018 that an appeal was not filed, this § 2255 motion is untimely. July 29 was 4 months, 9 days after the deadline to appeal.

Cases from other circuits can be cited on both sides of the question whether this is too long. *Compare, e.g.*, *Wims v. United States*, 225 F.3d 186 (2d Cir. 2000) (holding that the failure to appeal would not necessarily be discovered with due diligence within 5 months after the judgment became final), *with Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008) (holding that due diligence would lead to discovery of the failure to appeal within 3 months after the judgment became final). These decisions did not adopt a bright-line rule on how long is too long; each case turned on its own circumstances.

For its part, the Eleventh Circuit has twice passed up an opportunity to hold that due diligence would necessarily lead to discovery of an attorney's failure to appeal, or failure to raise specific issues on appeal, within a period longer than at issue here. *See Long v. United States*, 626 F.3d 1167 (11th Cir. 2010) (reversing the dismissal of a failure-to-appeal claim filed more than three years after the conviction became final and remanding for consideration under § 2255(f)(4)); *Aron v. United States*, 291 F.3d 708 (11th Cir. 2002) (reversing the dismissal of a failure-to-raise-issues-on-appeal claim filed more than four years after the appeal was filed and more than two years after enactment of the Antiterrorist and Effective Death Penalty Act, including the § 2255(f)(4) due-diligence requirement; remanding for an evidentiary hearing on due diligence).

Delays as long as involved in *Long* and *Aron*—and even substantially shorter delays—will often show a lack of diligence. But "it does seem that a reasonable person, particularly a prisoner, would require some amount of time after the appeal-filing deadline to realize that no appeal had been filed." *Dauphin v. United States*, 604 F. App'x 814, 818 (11th Cir. 2015). There is no bright-line rule determining whether a failure-to-appeal motion is timely if filed 4 months, 10 days after the conviction at issue became final. Mr. Valle's motion may or may not be timely; this record does not resolve the issue.

The government asserts Mr. Valle has not alleged facts showing he acted diligently. A defendant ordinarily must allege facts sufficient to warrant relief; the failure to do so may lead to denial of a 2255 motion. But Mr. Valle is proceeding pro se, and the circumstances are at least sufficient to show that the failure-to-appeal claim *may* be timely.

The order of April 11, 2020 set out the same analysis included to this point in this order. Indeed, it did so verbatim. The order gave Mr. Valle a fair opportunity to address the issue. The order said, "By May 11, 2020, Mr. Valle must file a declaration showing the steps he took to determine whether his attorney filed an appeal, and when he took those steps. The declaration must say it is filed 'under penalty of perjury.'"

Mr. Valle did not file a declaration or any other response to the April 11 order. Now, more than six months later, Mr. Valle still has not done so.

This order denies the § 2255 motion. This is the correct result even if untimeliness is viewed as an affirmative defense to the motion. Regardless of who has the burden on this issue, a district court may properly adopt procedures to address an issue efficiently. If Mr. Valle acted diligently to check on a direct appeal, he knows it. Requiring him to file a declaration was the most efficient way to determine whether an evidentiary hearing or other procedures was warranted.

His failure to file a declaration apparently indicates he has nothing to say—that he did not act diligently.

A review of Bureau of Prisons website now shows that Mr. Valle is no longer at the facility shown on the docket as his address and to which the clerk sent the April 11 order. The record does not indicate when he was moved. Perhaps he did not receive the April 11 order. But the failure to update his address or check on this proceeding itself shows a lack of diligence. And in any event, if Mr. Valle did not receive or somehow misunderstood the April 11 order or has some other excuse for not responding—if he can now submit a declaration showing due diligence regarding the failure to file a direct appeal—he may move to alter or amend the judgment that will be entered based on this order. Any such motion must itself be timely.

IT IS ORDERED:

1. The § 2255 motion, ECF No. 74, is denied.

2. The motion for leave to file a memorandum, ECF No. 75, is denied as moot.

3. The clerk must enter judgment.

4. The deadline to move to alter or amend the judgment is 28 days after entry of the judgment.

5. The clerk must send copies of this order to both Mr. Valle's address of record and to his current address as shown on the Bureau of Prisons website and must note compliance with this requirement on the docket.

SO ORDERED on October 19, 2020.

s/Robert L. Hinkle<br>United States District Judge